IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINTON M. HAMILTON | ) |
| | ) |
| v. | ) NO. 3:19-0451 |
| | ) |
| ALLY FINANCIAL | ) |

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 31, 2019 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 7) filed by Defendant Ally Financial, Inc., to which Plaintiff has not filed a response. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion to dismiss be granted and that this action be dismissed.

### I.  BACKGROUND

Quinton M. Hamilton ("Plaintiff") is a resident of Nashville, Tennessee. On April 3, 2019, he filed this *pro se* lawsuit in the Chancery Court for Davidson County, Tennessee, against Ally Financial, Inc. ("Defendant" or "Ally Financial"). On May 28, 2019, Defendant removed the lawsuit to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1131 and diversity jurisdiction under 28 U.S.C. § 1332. *See* Docket Entry No. 1.

Plaintiff's pleading in the Chancery Court is a seven-page filing styled as "Affidavit of Truth for Breach of Contract, Theft by Deception, Copyright Infringement, Violation of Security Agreement." *See* Affidavit of Truth (Docket Entry No. 1-2) at 2-10. Accompanying the filing are four exhibits, consisting of 70 pages of documents. *Id*. at 11-80. As gleaned from the statement of

facts contained in Plaintiff's pleading and from his exhibits, it appears that Plaintiff purchased a 2017 Volkswagen Jetta by obtaining a loan from Defendant. He sent Defendant a packet of documents in July 2018 for the purpose of paying off the account in full. *See* Docket Entry No. 1-2 at 5. However, the "payment" sent by Plaintiff consisted of what he termed as a "non-negotiable instrument" for $21,453.09 to be redeemed on his "treasury exemption account" with the United States Department of the Treasury. *Id*. at 5, 11-13, and 15-26. Although Plaintiff alleges that the instrument was accepted and his loan account was closed, he nonetheless alleges that the packet and instrument were returned to him by Defendant with a notice of dishonor. *Id*. at 6. Plaintiff further alleges that the vehicle was then reported to the police as stolen from his residence on or about October 11, 2018. *Id*. He asserts that he was informed by GEICO that Defendant claimed to have repossessed the vehicle and to have sold it in November 2018. *Id*.

Plaintiff claims that Defendant: (1) violated several state and federal statutes by refusing to honor the payoff documents that he mailed; (2) violated a security agreement that he has filed; (3) violated "common copyright;" and, (4) violated his "human rights" by refusing to honor his payoff attempt, by reopening his "account" and reporting credit information, and by repossessing the vehicle. *Id*. at 6-7. He seeks "to be awarded for unjust enrichment, copyright infringement, violating Security Agreement, emotional stress, lost job, car, relationship with child and continuously destroying Affiant's credit report." *Id*. at 7. Although the pleading itself does not make a specific request for relief, a page from the exhibits contains an "invoice" to Defendant for the amount of $6,300,00.00 for "Copyright Infringement of Quinton M. Hamilton, Violation of recorded Security Agreement, Breach of Contract, Violation of Human Rights, Loss of Job, Lost Home, Emotional Stress, Discrimination, Lost Property, Unjust Enrichment, and Theft By Deception." *Id*. at 32-33.

## II. MOTION TO DISMISS

In lieu of an answer, Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for two primary reasons. First, Defendant argues that Plaintiff's Affidavit of Truth fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure

2

because Plaintiff does not allege sufficient facts that support any legally cognizable cause of action. Second, Defendant argues that Plaintiff's allegations amount to an admission that he has engaged in a debt relief scam known as the "redemption theory," which has been summarily rejected by the courts as a frivolous attempt to avoid repayment of debt. *See* Memorandum in Support (Docket Entry No. 8).

By Order entered June 11, 2019 (Docket Entry No. 9), Plaintiff was notified of the motion and given a deadline of July 22, 2019, to file a response. Plaintiff was specifically advised that his failure to timely file a response may result in a Recommendation that his lawsuit be dismissed in whole or in part. To-date, Plaintiff has not filed a response to the motion, and the docket shows no filings by Plaintiff in the case since it was removed to this Court.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in a plaintiff's favor, and construe the complaint liberally in favor of a *pro se* plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Although the Court is required to liberally construe *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law, *see Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)), and a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678-679.

Although a court typically cannot consider "matters outside of the pleadings" when deciding a motion to dismiss, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), copies of

3

documents attached as exhibits to the a pleading are "part of the pleadings for all purposes." Rule 10(c) of the Federal Rules of Civil Procedure. Additionally, exhibits to a defendant's motion may be considered if they are referred to in the complaint and are central to a plaintiff's claims. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. ANALYSIS

The motion to dismiss should be granted. First, under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that he has no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Plaintiff's failure to respond in any manner also indicates, on some level, that he has lost interest in pursuing the lawsuit.

Second, Defendant has set forth persuasive and sound legal arguments that support dismissal of the lawsuit. Plaintiff has not rebutted these arguments. In the absence of a response from Plaintiff as to why his lawsuit against Defendant should not be dismissed, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

Finally, review of Plaintiff's pleading shows that he has not set out a factual or legal basis that would entitle him to relief against Defendant under any recognized and plausible legal theory. The failure of his pleading to meet this minimal standard requires the dismissal of the lawsuit for failure to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678-79; *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

4

Case 3:19-cv-00451   Document 10   Filed 09/05/19   Page 4 of 5 PageID #: 199

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss of Defendant Ally Financial, Inc. (Docket Entry No. 7), be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge